JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Mary Ann Flannery ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the lower court.
 I. {¶ 2} This is a consolidated case involving the zoning of residential property located in Independence, Ohio. According to the case, consolidated Case Nos. 346605 and 357154 involve the property located at 6430 Evergreen Drive, Independence, Ohio, owned since 1958 by Paul Flannery. This property was sold to Michael Suhy on March 6, 1998.
 {¶ 3} Case No. 346605 was brought by appellant on January 8, 1998 pursuant to a R.C. 2506 challenge. This case was an administrative appeal in Cuyahoga County Common Pleas Court, challenging the city's board of zoning appeals' denial of variances to permit a parcel split.
 {¶ 4} Case No. 357154 was brought by the City of Independence ("city") on June 9, 1998. The city's action was filed against appellant, Mary Ann Flannery, appellees, Michael and Michelle Suhy (the "Suhys"), and the Cuyahoga County auditor and recorder (collectively the "county"). The city challenged the county's assignment of a second permanent parcel number dividing appellant's parcel in the city without the city's approval. The city also challenged appellant's conveyance of a portion of her parcel to the Suhys. This case was later consolidated with Case No. 346605.
 {¶ 5} On March 6, 1998, after the city specifically denied the variances, and during the pendency of the appeal in Case No. 346605, appellant sold a portion of the property to Suhy. On June 9, 1998, the city filed its declaratory judgment action, Case No. 357154, naming appellant, County Auditor Frank Russo, County Recorder Patrick O'Malley and the Suhys as defendants. In Case No. 357154, the city challenged the sale by appellant of only a portion of their land to Suhy.
 {¶ 6} The Suhys filed a counterclaim against the city and a cross-claim against appellant. On December 7, 2000, the trial court held that in Case No. 346605, the city's board of zoning appeals properly denied appellant's request for a lot split of the property. This decision was appealed by appellant on September 23, 2002. This court dismissed the appeal, stating that because the two cases have overlapping issues, the interests of justice would best be served by returning these intertwining issues to the trial court to make a full and final determination as to all of the merits of this matter.
 {¶ 7} The case went back to the lower court, and it issued its opinion on September 29, 2004. The lower court granted plaintiff's motion for summary judgment, declared that the property has one permanent parcel number, and ordered the Suhys to pay an additional $12,000 plus taxes to appellant. Appellant now appeals from the trial court's opinion.
 {¶ 8} According to the facts, Paul and Elizabeth Flannery (now deceased) acquired title to two parcels of land on Evergreen Drive in Independence from Joseph and Nora Meissner on October 28, 1958. The Meissners' deed conveyed two sublot parcels to Flannery.[1] Paul Flannery ("Flannery") owned the property since 1958. When Paul passed away, appellant Mary Ann Flannery became his executrix.
 {¶ 9} On October 7, 1958, three weeks before purchasing the property, Flannery requested that the city zoning commission divide the property into two separate lots. The commission denied Flannery's request to split the property. After his death on August 5, 1997, Flannery's heirs requested the lot be split. Flannery's heirs wanted the city commission to subdivide the property into two smaller, nonconforming parcels so they could sell each lot separately.
 {¶ 10} The Flannery lot sits between the Bryll home and lot and the Flannery home and lot (562-04-043). The adjacent Bryll lot is 79 feet wide and 175 feet long. The Flannery lot (562-04-043) is 75 feet wide and 175 feet long. Flannery sought a lot width variance (75 feet shown, 100 feet is required) and a lot depth variance (175 feet shown, 200 feet required).
 II. {¶ 11} Appellant's first assignment of error states the following: "The trial court's declaration that two separately described parcels of real estate, with two different permanent parcel numbers, constitute one property is contrary to the weight of the evidence and erroneous as a matter of law."
 {¶ 12} Appellant's second assignment of error states the following: "The trial court's declaration that the auditor's assignment of a permanent parcel number to a separately described legal parcel, previously recognized as such by the City of Independence, was contrary to law and beyond the scope of the auditor's authority, is contrary to the weight of the evidence and erroneous as a matter of law."
 {¶ 13} Appellant's third assignment of error states the following: "The trial court's declaration that Flannery's conveyance to Suhy consisted of the entire property, instead of the parcel for which Flannery and Suhy actually contracted, is contrary to the weight of the evidence and erroneous as a matter of law."
 {¶ 14} Appellant's fourth assignment of error states the following: "The trial court's totally arbitrary and capricious assignment of a market value of $12,000.00 for land transferred by judicial fiat in this case, without any evidence of value in the record, constitutes an egregious abuse of discretion and reversible error."
 {¶ 15} Appellant's fifth assignment of error states the following: "The trial court erroneously granted summary judgment in favor of the city when the material factual issue as to whether the city recognized the two separate Flannery parcels when is [sic] approved the Onders/Flannery lot split and consolidation plat is in genuine dipute [sic] in this case."
 III. {¶ 16} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 17} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 18} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 19} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *."
 {¶ 20} It is with the above standards in mind that we now address appellant's most credible arguments. Because of the disposition of her fifth and fourth assignments of error, we shall address them first. Appellant argues in her fifth assignment of error that the trial court erroneously granted summary judgment. We find merit in her argument.
 {¶ 21} In the case at bar, the question as to whether the city acknowledged or approved the existence of two Flannery parcels is the pivotal factual issue. The county engineer's witness testified that the city's approval of the Onders/Flannery lot split and consolidation plat constituted approval or acknowledgment of the parcels pursuant to R.C. 711.[2] The city submitted an affidavit to the contrary from the city's paid engineer as a response.
 {¶ 22} The conflicting testimony between the county's witness and the city's witness, as well as additional conflicting evidence, demonstrates substantial dispute as to genuine issues of material fact in the case at bar. There is a genuine issue of material fact as to whether or not the city's approval of the Onders/Flannery plat constituted acknowledgment of Flannery's two separate and distinct sublots. There are genuine factual issues in dispute in this case, and appellant is entitled to a jury's determination as to the value of the land taken by the lower court.
 {¶ 23} Appellant's fifth assignment of error is sustained.
 {¶ 24} Appellant argues in her fourth assignment of error that the court erred when it arbitrarily assigned a market value of $12,000 to the property in question. We find appellant's argument to be persuasive.
 {¶ 25} The lower court did not provide evidence regarding its rationale as to the fair market valuation of the property transferred by order of the trial court. The trial court failed to provide any finding as to the value of the property, cited no evidence as to the value of the property, and gave no explanation as to how it concluded that $12,000 reflects the fair market value of the parcel that the court took from Flannery and gave to Suhy. The trial court's setting of an arbitrary value of $12,000 as to the lot constitutes an abuse of discretion.
 {¶ 26} We find the trial court's assignment of a market value of $12,000 for the land transferred in the case at bar to constitute an abuse of discretion.
 {¶ 27} Accordingly, appellant's fourth assignment of error is sustained.
Remaining errors are moot. App.R. 12(A)(1)(c).
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs.
Karpinski, P.J., concurs in part and dissents in part. (see separate concurring and dissenting opinion.)
[1] See Case No. 346605 record at tab 16.
[2] Snezek depo. at 45-48.
 CONCURRING AND DISSENTING OPINION